UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH MORRIS KRETZER,

                Plaintiff,

    v.

OFFICER BURNS, *et al.*,

                Defendants.

CASE NO. C18-1682-BJR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Kenneth Kretzer, who is proceeding with this action *pro se* and *in forma pauperis*, is an inmate at the Pierce County Jail in Tacoma, Washington. He brings this civil rights action under 42 U.S.C. § 1983 to allege violations of his rights under the state and federal constitutions arising out of his detention and arrest by City of Kent police officers in September 2018. Defendants now move to dismiss plaintiff's claims on the grounds that plaintiff has not adequately pleaded a claim against any of the named defendants. Plaintiff has not filed any response to defendants' motion. The Court, having reviewed plaintiff's complaint, defendants' motion to dismiss, and the balance of the record, concludes that defendants' motion should be granted and plaintiff's complaint should be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

DISCUSSION

Plaintiff alleges in his complaint that on September 14, 2018, City of Kent Police Officers Burns and Cortinas, and Sergeant Constant, "illegally stopped, searched, detained, arrested, and kidnapped" him outside of his home in Kent. (Dkt. 5 at 3.) According to plaintiff, as he exited his home on the day in question, Officers Burns and Cortinas grabbed his arm, forced him to sit on the bumper of a police car, and then began questioning him about his involvement in the theft of a gas-pump nozzle at a local Shell station. (*Id*.) The officers advised plaintiff he was a suspect in the theft because video surveillance footage from the gas station showed him talking to the passenger of a vehicle that drove away from the station without removing the nozzle. (*Id*.) The video surveillance footage also allowed officers to obtain the number from the side of the rental truck plaintiff was driving which, plaintiff maintains, the officers then improperly used to obtain rental information from U-Haul. (*Id*.)

Plaintiff asserts that after being questioned for approximately an hour, the officers took him to the King County Regional Justice Center where he was booked on traffic violations and on outstanding warrants from the Department of Corrections and Pierce County. (*Id*.) Plaintiff complains that he wasn't given any kind of citation, nor was he ever read his *Miranda* rights. (*Id*.) Plaintiff maintains that the actions he describes show that the City of Kent poorly trains its officers, and he alleges that these actions "have in one way or another violated my 4th, 5th, 8th, and 14th Constitutional Rights, also my strongly guarded Washington State Constitution Artical [sic] 1, Section 7 and my Privacy Rights as a Uhaul Customer and U.S. Citizen." (*Id*.) Plaintiff, among other requests for relief, seeks $2 million in damages and release from his current detention. (*Id*. at 4.)

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) when

a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471. Further, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted). *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") A pro se complaint may be dismissed "'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

In order to sustain a claim under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the

violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable in an action brought under § 1983 solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-94 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). It is not sufficient to merely identify conduct attributable to the municipality. *Id*. at 404. A § 1983 plaintiff must also show the municipality, through its deliberate conduct, was the "'moving force' behind the injury alleged" and acted with the "requisite degree of culpability[,]" and that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Id*.

1. <u>Officers Burns and Cortinas</u>

The Fourth Amendment guarantees that individuals will not be subjected to unreasonable

REPORT AND RECOMMENDATION
PAGE - 4

searches and seizures. The Supreme Court has held that a police officer may, consistent with Fourth Amendment principles, conduct a brief investigatory stop when the officer has a reasonable, articulable suspicion that a person has committed or is about to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). An officer may also, consistent with constitutional principles, arrest an individual where probable cause to do so exists. *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id*. (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

Plaintiff alleges in his complaint that Officers Burns and Cortinas appeared at his home, detained him, and questioned him because they suspected he was involved in the theft of a fuel-pump nozzle. Plaintiff further alleges that the officers advised him he was a suspect because both he and a U-Haul truck rented to him appeared in surveillance video of the crime. These facts demonstrate that the officers had a reasonable suspicion that plaintiff had committed a crime, thus justifying the investigative detention plaintiff complains of. Plaintiff also appears to acknowledge in his complaint that he was wanted on both Department of Corrections and Pierce County warrants at the time officers arrested him, thus rendering his arrest lawful.

To the extent plaintiff complains the officers unlawfully obtained identifying information for him from U-Haul, plaintiff has not stated any viable claim for relief as he has no apparent privacy interest in business records maintained by a private company. Finally, to the extent plaintiff complains that he was arrested without being given his *Miranda* warnings, his claim is too vague to state a viable claim for relief. Plaintiff does not explain in his complaint what, if any, information was obtained by officers in violation of his rights, or how any such information was used against him.

REPORT AND RECOMMENDATION
PAGE - 5

In sum, plaintiff fails to allege any facts in his complaint from which this Court might reasonably infer that either Officer Burns or Officer Cortinas violated plaintiff's constitutional rights. Plaintiff's claims against these officers must therefore be dismissed.

2.  <u>Sergeant Constant</u>

Plaintiff alleges in his complaint that Sergeant Constant, together with Officers Burns and Cortinas, "illegally stopped, searched, detained, arrested and kidnapped" him. Plaintiff further alleges that Sergeant Constant authorized all of the actions which occurred at the time of his investigatory detention and arrest. These allegations against Sergeant Constant are simply too vague and conclusory to survive the motion to dismiss. The facts set forth in the complaint appear to implicate only Officers Burns and Cortinas in the investigatory detention and arrest of plaintiff, and plaintiff does not allege any facts to support his assertion that Sergeant Constant "authorized" the actions of Officers Burns and Cortinas. Moreover, as explained above, the facts alleged demonstrate that the investigatory detention and arrest of plaintiff were lawful. Thus, even if Sergeant Constant did participate in the investigatory detention and arrest, either directly or by authorizing the actions of Officers Burns and Cortinas, plaintiff has not stated any viable claim for relief against Sergeant Constant. Plaintiff's claims against Sergeant Constant must therefore be dismissed.

3.  <u>City of Kent</u>

Finally, plaintiff alleges that the actions of Officers Burns and Cortinas in conducting the investigatory detention of plaintiff, and in effectuating his arrest, show that the City of Kent has poorly trained its officers. (*Id.*) As noted above, in order to impose liability on a municipality, a plaintiff must identify a municipal "policy" or "custom" that caused his injury *and* he must show that there is a direct causal link between the municipal action and the deprivation of federal rights.

As the Court has explained, plaintiff has not alleged facts in his complaint from which it could reasonably be inferred that any of the individual defendants violated plaintiff's constitutional rights. Given that plaintiff's claim against the City of Kent is based solely on conduct which does not implicate federal constitutional concerns, the claim necessarily fails. Thus, plaintiff's claim against the City is also subject to dismissal.

### 4. Pendant State Law Claims

Plaintiff asserts in his complaint that defendants violated not only his federal constitutional rights but his rights under the state constitution as well. The Supreme Court has stated that federal courts should refrain from exercising their pendent jurisdiction when the federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because plaintiff's federal constitutional claims are subject to dismissal based upon plaintiff's failure to establish any violation of his federal constitutional rights, this Court should decline to exercise jurisdiction over plaintiff's state law claims.

### CONCLUSION

As plaintiff fails to adequately state a claim against any of the defendants named in his complaint, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's complaint and this action be dismissed. A proposed Order accompanies this Report and Recommendation.

### OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions

calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 10, 2019**.

DATED this 12th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8